IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**SYLVESTER BLEDSOE, #N8474**                                                                     **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 5:05cv78DCB-MTP**

**CHRISTOPHER EPPS, Commissioner of MDOC;**
**and WALTER LOCKHART, Commander**                                           **DEFENDANTS**

OPINION AND ORDER

The plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), filed this complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On June 27, 2006, an order was entered directing the plaintiff to file an amended complaint, within twenty days. The plaintiff was warned in this court's order of June 27, 2006, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint. Plaintiff failed to comply with this order.

On August 12, 2006, the plaintiff was ordered to file a written response, within fifteen days, showing cause why this case should not be dismissed for failure to comply with this court's June 27, 2006 order. In addition, the plaintiff was directed to comply with the June 27, 2006 order by filing an amended complaint, within fifteen days. The plaintiff was warned in this court's order of August 12, 2006, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address would lead to the dismissal of his complaint. On September 19, 2006, the plaintiff filed a response stating that he did not want this case dismissed, however he failed to file an amended complaint.

On September 29, 2006, this court entered an order directing the plaintiff to file a written response, within fifteen days, showing cause why this case should not be dismissed for his failure to comply with the court's order to amend [doc.8] and show cause order [doc.9]. The plaintiff was also directed to file his amended complaint, within fifteen days. The plaintiff was warned in this court's order of September 29, 2006, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address would lead to the dismissal of his complaint without further notice to the plaintiff.

On October 11, 2006, the envelope containing the September 29, 2006 show cause order was returned by the postal service with the notation "return to sender". The plaintiff has failed to comply with three court orders and it appears the plaintiff has failed to keep this court informed of his current address. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of

plaintiff's claims, the court's order of dismissal will be without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 8th day of November, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE